STEWART, Appellant, v. VERGES

(April 11, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. Louisiana Digest—Sales—Par. 42, 52, 62.

If one makes an offer to buy a certain article on specified conditions and the vendor delivers the article, he is bound by the conditions proposed by the purchaser.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by Samuel B. Stewart against Louis W. Verges.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Louis E. Jung, of New Orleans, attorney for plaintiff, appellant.

Dempsey & Monie, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit for the price of a washing machine for which the defendant agreed to pay $180 in the manner following: $15 upon delivery of the machine, and the balance in ten installments of $16.50. The defendant paid cash $15 when the machine was delivered to him, but has failed to pay any part of the balance, amounting to $165.75, for which plaintiff claims judgment.

The defendant answered "that he had contracted with plaintiff to purchase a washing machine provided that he could keep the same for trial for 15 days, at tthe expiration of which time he could either return the machine if he was not satisfied with it, or meet the monthly payments; that he was not and is not satisfied with the machine and that he notified the plaintiff to come and get it as per agreement, and that the plaintiff refused to get he machine as originally understood and contracted. * * * He admits paying $15 as a deposit to be returned if the machine was not satisfactory."

There was judgment against the plaintiff dismissing his suit, and he has appealed.

The defendant testified that he agreed with plaintiff's solicitor, William Burnet, to buy the machine on trial, and that if it did not prove satisfactory he could return it on losing his deposit. He is corroborated in that testimony by the witness, Walter O'Connor. Burner testified but did not deny that agreement.

The plaintiff objected to any parol testimony to vary the written contract signed by defendant and by virtue of which he purchased the machine.

The offer of defendant is dated May 31, 1926. On two of the lines are written in pencil the following words: "This machine is on trial to be paid for if satisfactory."

We think these words authorize the admission of the testimony adduced and justify the defendant's right to rescind the sale if the machine was not satisfactory to him and did not do the work.

It is true that across this contract are written the words: "Void sold." It does not appear who wrote the words, nor when, nor that the defendant was aware of them.

The contract was in the hands of plaintiff and was taken from his files to offer in evidence.

The offer contained the provision that it was subject to the approval of the plaintiff, but was not signed by him.

Another contract dated June 5 appears to have been also signed by defendant and accepted by plaintiff. On this contract the words relative to the right of trial do not appear. But the machine had been delivered to the defendant before the defendant signed the modified contract of June 5.

The delivery of the machine under the original contract of May 31 was an acceptance of its terms by plaintiff. C. C. 1816 (1810). The defendant swears that he signed the contract of June 5 in error, thinking that it was a receipt. At any rate there is nothing to show that he was informed at that time that the original terms of his offer had been or would be modified as to his right of trial, or that he was signing a new and different contract.

We are of opinion that the judgment is correct and it is therefore affirmed.